UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KEVIN STACY,

       Plaintiff,

       v.

CAROLYN W.  COLVIN,
Commissioner of Social Security,

       Defendant.

No. 1:14-CV-03043-JTR

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF
No. 13, 15.  Attorney D. James Tree represents Kevin Stacy (Plaintiff); Special
Assistant United States Attorney Daphne Banay represents the Commissioner of
Social Security (Defendant).  The parties have consented to proceed before a
magistrate judge.  ECF No. 22.  After reviewing the administrative record and
briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for
Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and
**REMANDS** the matter to the Commissioner for additional proceedings pursuant to
42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and
Disability Insurance Benefits (DIB) on April 18, 2011, alleging disability since
December 23, 1999, due to back pain, left rotator cuff injury, and two discs

removed from his back.  Tr. 269.   The applications were denied initially and upon reconsideration.  Tr. 127-142, 145-156.  Administrative Law Judge (ALJ) Virginia Robinson held a hearing on September 14, 2012, Tr. 34-66, at which Plaintiff, represented by counsel, and vocational expert (VE) Scott Whitmer testified.  At the September 14, 2012, hearing, Plaintiff amended his onset date to July 15, 2010.  Tr. 38.  The ALJ issued a decision on November 30, 2012, dismissing the DIB application and denying the SSI application.  Tr. 18-33.  The Appeals Council denied review on February 5, 2014.  Tr. 1-7.  The ALJ's November 30, 2012, decision denying the SSI benefits became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on April 3, 2014.  ECF No. 1, 3.  Both Plaintiff and Defendant agree that the application for SSI benefits is the sole application before the Court.  ECF No. 13 at 2; ECF No. 15 at 1-3.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was born on March 3, 1962, and was 48 years old at the amended alleged onset date, July 15, 2010.  Tr. 204.  Plaintiff completed high school in 1981 and has past work as a carpenter and general laborer.  Tr. 39, 57, 270.

The evidence in the record pertaining to the relevant time period is sparse, consisting of only one urgent-care visit not related to the alleged impairments, one examination by Jeffrey R. Merrill, M.D., and one MRI of the lumbar spine.  Tr. 674-681, 694-695, 700-703.  The opinion evidence is limited to a Department of Social and Health Services Functional Assessment form completed by Dr. Merrill limiting Plaintiff to less than a full range of sedentary work and the opinions of the state agency medical consultants limiting Plaintiff to less than a full range of light work.  Tr. 69-81, 100-122, 696-697.

At the administrative hearing, Plaintiff described being unable to work due to back pain and left shoulder rotator cuff injury.  Tr. 41.  Plaintiff testified that he could lift 20 pounds but would "pay for it later" and that he could "try and do it" for two hours but could hurt his back by "just picking it up one time." Tr. 41, 47-48.  He testified that since the amended date of onset, he has been doing jobs for family and friends, including painting, weed pulling, and fixing fences, but he would unexpectedly leave early or not show up at the scheduled times for these jobs on an average of four or five times out of ten due to back pain.  Tr. 40, 49.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S.  389, 401 (1971).  In determining whether the ALJ's decision is supported by substantial evidence, the administrative record must be reviewed as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  *Mangallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098.  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,

433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon claimants to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once claimants establish that physical or mental impairments prevent them from engaging in their previous occupations.  20 C.F.R. § 416.920(a)(4).  If claimants cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimants can make an adjustment to other work, and (2) specific jobs exist in the national economy which claimants can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If claimants cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 30, 2012, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 18-33.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 15, 2010, the amended date of onset.  Tr. 24.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and left rotator cuff impingement, status-post left shoulder surgery in May 2000.  Tr. 24.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

the listed impairments.  Tr. 24.

At step four, the ALJ assessed Plaintiff's residual function capacity (RFC) and determined he could perform light exertional level with the following restrictions:

> The claimant can frequently climb ramps or stairs, but never climb ladders, ropes, or scaffolds.  He can occasionally stoop and crawl.  He can frequently crouch.  Reaching or handling is unlimited in the right upper extremity.  He can occasionally reach overhead with the left upper extremity.  He can otherwise reach frequently in all other directions with the left upper extremity.  He can also frequently handle with the left upper extremity.  He should avoid concentrated exposure to extreme cold, excessive vibrations, and workplace hazards such as dangerous machinery and unprotected heights.

Tr. 24.  The ALJ concluded that Plaintiff was not able to perform his past relevant work.  Tr. 27.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of cashier II, scale operator, and laundry sorter.  Tr. 28.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 15, 2010, through the date of the ALJ's decision, November 30, 2012.  Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to properly consider Plaintiff's testimony about the severity of his symptoms; (2) failing to properly consider medical opinion evidence regarding Plaintiff's functional limitations; and (3) failing to fully and fairly develop the record.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

# DISCUSSION

## A.    Credibility

Plaintiff contends the ALJ's erred by improperly discrediting his symptom claims.  ECF No. 13 at 15.  The Court agrees.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff not fully credible concerning the intensity, persistence, and limiting effects of his symptoms.  Tr. 25.  The ALJ reasoned that Plaintiff was less than credible because his symptom reporting was (1) contrary to the medical evidence; (2) undermined by his lack of treatment; and (3) contrary to his activities of daily living (ADL).  Tr. 25-26.

### 1.    Contrary to the objective medical evidence

The ALJ noted that Plaintiff's allegations of back pain were not supported by the July 2010 MRI or evaluation, specifically noting that the MRI revealed generally mild to moderate degenerative changes and that Dr. Merrill's examination resulted in "modest" findings.  Tr. 25.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's testimony.  *Bray v. Comm'r of Soc.  Sec.  Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009)  But, the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence.  *Lester*, 81 F.3d at 834.

Considering the other two reasons the ALJ gave in support of her credibility determination are not clear and convincing, as discussed below, the ALJ's determination that Plaintiff's symptom statements are contrary to objective medical evidence is insufficient to find the claimant less than fully credible.

### 2.    Lack of Treatment

In assessing a claimant's credibility, an ALJ can rely upon "'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1284); *see Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (an "unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies"). A claimant's statements may be deemed less credible "if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." S.S.R. 96-7p.

However, a claimant's failure to follow a course of treatment may be excused if the claimant cannot afford the treatment. *Gamble v. Chater*, 68 F.3d 319, 321-322 (9th Cir. 1995) ("Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds. . . . It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him." (citation omitted)).

Plaintiff asserts that he was not able to afford medical treatment in this case. Tr. 51-52. The ALJ concludes this explanation to be "unpersuasive," for three reasons (1) the claimant managed to fund his cigarette habit; (2) he has not explored options such as charity care; and (3) Plaintiff received some income from working for family and friends. Tr. 25-26. None of these assertions are supported by the record. The record is void of any discussion regarding how Plaintiff paid

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

for cigarettes and whether he considered or pursued charity care.  Instead, the record shows Plaintiff applied for General Assistance through the Department of Social and Health Services showing that he did seek alternative ways to pay for medical care.  Tr. 670-671.  Additionally, the money earned from working for family and friends is minimal.  Plaintiff testified that it amounted to thirty to forty dollars every two to three days.  Tr. 39.

Therefore, the ALJ's second reason for finding Plaintiff less than fully credible is not supported by the record and does not qualify as "specific, clear and convincing."

### 3.    ADLs

The ALJ's third reason for finding Plaintiff less than fully credible, that Plaintiff's activities cast doubt on his alleged limitations, Tr. 26, is additionally not a "specific, clear, and convincing" reason to undermine Plaintiff's credibility.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting."  *Orn* 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination."  *Id.*  (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)).  A claimant need not be "utterly incapacitated" to be eligible for benefits.  *Fair*, 885 F.2d at 603.

The ALJ did not conclude that Plaintiff's activities contradicted his other testimony, instead, she noted that Plaintiff reported being able to do odd jobs for family and friends for about 15 hours per week, including raking leaves, painting, doing maintenance work, pulling weeds, and fixing fences, and agreed that Plaintiff could not sustain such activities throughout a workday.  Tr. 26.  But, just

commenting on the existence of such activities, is not sufficient for an adverse credibility determination.  The ALJ must make specific findings relating the activities and their transferability, which was not done here.

### 4.    Conclusion

In conclusion, the ALJ erred by failing to provide "specific, clear, and convincing" reasons to find Plaintiff less than fully credible in his symptom reporting.  Accordingly, the Court finds this matter must be remanded for additional proceedings for the ALJ to properly assess Plaintiff's credibility.  Upon remand, the ALJ should consider the record as a whole and limit her rationale to the evidence in the record.

## B.    State agency examiner, Alnoor Virji, M.D.

Plaintiff asserts that the opinion of Dr. Virji is unreliable and not supported by the record.  ECF No. 13 at 19.  The Court agrees.

The records for the relevant period of time contain only the opinions of Dr. Merrill and the state agency medical consultants.  The ALJ gave "greater weight" to the opinion of one state agency medical consultant, Dr. Virji, over the opinion of Dr. Merrill.  Tr. 26-27.  In forming his opinion, Dr. Virji reviewed Dr. Merrill's opinion and the "MISC ME" opinion dated June 11, 2011.  Tr. 115.  There is no 2011 ME opinion in the record.  Plaintiff asserts that Dr. Virji actually reviewed an opinion given 10 years earlier by Dr. McLauglin and mistakenly formed his opinion on the belief that Dr. McLauglin's opinion, limiting Plaintiff to medium work, was performed during the relevant time period.  ECF No. 13 at 17. Defendant appears to agree that Dr. McLauglin's 2001 opinion was mistaken as a 2011 opinion by Dr. Virji, but asserts that Dr. Virji did not base his opinion on the 2001 opinion of Dr. McLauglin.  Defendant contends that Dr. Virji gave Dr. McLauglin's opinion little weight and, instead, Dr. Virji based his opinion on the specific evidence in the record.  ECF No. 15 at 10-11.

A nonexamining physician's opinion, with nothing more, does not constitute

substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician. *Lester*, 81 F3d at 831 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)). In *Gallant,* the Court held that "the report of [a] non-treating, non-examining physician, combined with the ALJ's own observance of [the] claimant's demeanor at the hearing" did not constitute "substantial evidence" and, therefore, did not support the Commissioner's decision to reject the examining physician's opinion that the claimant was disabled. 753 F.2d at 1456. The opinion of a nonexamining physician may serve as substantial evidence only when it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 104.

In her review of medical opinions, the ALJ gave Dr. Virji's opinion "greater weight" over that of the treating physician, because his opinion "more accurately reflects the overall medical evidence and the claimant's activities." Tr. 27. The ALJ then went on to cite the evidence in the record that was not consistent with Dr. Virji's opinion:

> While I agree with Dr. Virji's opinion that the claimant is limited to occasional overhead reaching with the left arm, I find that the claimant retains the ability to reach frequently in all other directions. I note that, when examined in July 2010, he had only mild loss of motion on internal rotation, and the empty can and arc maneuver tests were negative (7F9).

Tr. 27. Without reference to other evidence in the record supporting Dr. Virji's opinion, it is not substantial evidence. Furthermore, the ambiguity presented by the misrepresentation of the record in his opinion supports the conclusion that Dr. Virji's opinion may not be reliable and is therefore not relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

## C.    Jeffrey R. Merrill, M.D.

Plaintiff argues the ALJ failed to properly consider and weigh the medical

opinion expressed by Dr. Merrill.  ECF No. 13 at 9-12.

The ALJ gave Dr. Merrill's opinion "little weight" for three reasons: (1) it was inconsistent with Plaintiff's report that he could lift 20 pounds "without any problems"; (2) it was not supported by the physical examination; and (3) it was not consistent with Plaintiff's activities.  Tr. 26-27.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn*, 495 F.3d at 631.  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*  When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the treating physician.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons.  *Lester*, 81 F.2d at 830.  When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the examining physician.  *Id*. at 830-831.

Here, Plaintiff alleges that Dr. Merrill is a treating physician and Defendant does not contest this assertion.  ECF No. 13 at 5, 8-9; ECF No. 15 at 3, 5-7.  The Court views Dr. Merrill as an examining physician as he only evaluated Plaintiff once for the purposes of a GAU evaluation.  Tr. 700.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

Plaintiff asserts that the ALJ is required to provide clear and convincing reasons, and Defendant maintains that only specific and legitimate reasons are required. ECF No. 13 at 9; ECF No. 15 at 5. As set forth above, Dr. Virji's opinion is not substantial evidence. Therefore, Dr. Merrill's opinion is not contradicted and the "clear and convincing" standard applies.

First, in reviewing the record as a whole, the assertions made by Plaintiff regarding his ability to lift 20 pounds is not consistent with the definition of light work set forth in 20 C.F.R. § 416.967(b). While Plaintiff states that he can lift 20 pounds "without any problems," Tr. 295, Plaintiff later testified that he may be able to lift 20 pounds but he would "pay for it later" and that he could "try and do it" for two hours but that "just picking it up one time" could hurt his back. Tr. 47-48. While these statements may appear contradictory, the ALJ does not focus on the contradictory nature between Plaintiff's statement on a Function Report and Plaintiff's testimony. Instead, she grasps a single statement made by Plaintiff to discount the opinion of the treating physician. Considering the evidence as a whole, this single statement does not reflect the totality of Plaintiff's statement regarding his ability to lift 20 pounds and therefore is not a "clear and convincing" reason to reject Dr. Merrill's opinion.

The ALJ's second reason for rejecting Dr. Merrill's opinion, that it was not supported by the physical examination or the lumbar spine MRI, meets the "clear and convincing" standard. Dr. Merrill was the only person to examine Plaintiff during the relevant time period aside form an unrelated urgent-care visit. Dr. Merrill performed a physical evaluation on Plaintiff on July 12, 2010, concluding that "his findings on physical exam are modest." Tr. 702. After receiving the results of the MRI performed on July 16, 2010, Dr. Merrill opined that Plaintiff was limited to less than a full range of sedentary work. Tr. 696-697. The ALJ accurately set forth the findings from the examination and the MRI which appear inconsistent with the opinion of Dr. Merrill. A doctor's recorded observations and

opinions that are contradictive is a clear and convincing reason to reject that doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff contends that the ALJ misunderstood the objective evidence and misinterpreted the MRI results and that the moderate and marked findings on the MRI are sufficient evidence to support Dr. Merrill's opinion. ECF 18 at 5-6. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098. Because the single examination and MRI result in evidence is open to multiple interpretations, this Court may not disturb the ALJ's determination. As such, the ALJ's second reason for rejecting Dr. Merrill's opinion meets the "clear and convincing" standard.

The ALJ's final reason for rejecting Dr. Merrill's opinion, that Plaintiff's testimony about working odd jobs for friends and family was inconsistent with the opinion is not a "clear and convincing" reason. In discussing Plaintiff's performance of these odd jobs, the ALJ states "I agree with the claimant that he likely cannot sustain such tasks throughout a workday." Tr. 26. As addressed above, the ALJ failed to make specific findings relating these activities and their transferability to work at any exertional level. Therefore, this testimony cannot be used to discredit the opinion that Plaintiff is limited to sedentary work.

In conclusion, only one of the three reasons the ALJ provided for rejecting Dr. Merrill's opinion meetings the "clear and convincing" standard required. Since this case is being remanded, the ALJ is directed to reconsider Dr. Merrill's opinion in light of a new credibility determination and the finding that Dr. Virji's opinion is not substantial evidence.

**D.    Develop the record.**

Plaintiff assets that because Dr. Virji's opinion cannot be relied upon as substantial evidence and because the ALJ rejected the opinion of Dr. Merrill, then the ALJ's determination is not supported by substantial evidence and additional

development of the record is necessary.  ECF No. 13 at 20.

The ALJ has "a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."  *Smolen*, 80 F.3d at 1288.  This duty exists even when the claimant is represented by counsel.  *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).  Despite this duty to develop the record, it remains the claimant's burden to prove that he is disabled.  42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a).  "An ALJ's duty to develop the record . . . is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001).  "One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination."  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

Considering that the opinion of Dr. Virji cannot be relied upon as substantial evidence and the ALJ rejected the opinion of Dr. Merrill, this matter must be remanded for additional proceedings.  Upon remand the ALJ is directed to send Plaintiff out for a consultative physical examination to further develop the record.

## REMEDY

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award of benefits.  ECF No. 13 at 21-22.  The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Smolen*, 80 F.3d at 1292.  Remand for additional proceedings is appropriate when additional proceedings could remedy defects.  *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).  In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if the record was fully developed and all the evidence were properly evaluated.  Further proceedings are necessary for a proper

determination to be made.

On remand, the ALJ shall redetermine Plaintiff's credibility regarding his symptom reporting, and reassess Plaintiff's RFC, taking into considering the opinion of Dr. Merrill and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ is directed to further develop the record by requiring Plaintiff to undergo new consultative physical examination prior to a new administrative hearing and, if warranted, by eliciting medical expert testimony to assist the ALJ in formulating a new RFC determination. The ALJ is also directed to obtain testimony from a vocational expert and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.      Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED November 12, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 15